■ In the Matter of LUCIA GALLUZZO, Respondent, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, Appellant, and JAMES KRAUSKOPF, as Commissioner of the New York City Department of Social Services, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner dated November 27, 1981 and made after a statutory fair hearing, which, *inter alia,* disallowed petitioner's deductions for earned income and depreciation in the computation of her food stamp allowance, the State commissioner appeals from a judgment of the Supreme Court, Queens County (Graci, J.), dated August 26, 1982, which granted the petition to the extent that the local agency was directed to recompute petitioner's food stamp allowance by deducting from her rental income the earned income exemption, and the amount of $26.39 per month for depreciation on that part of petitioner's home which is rented. Judgment modified, on the law, by deleting the provision directing the local agency to deduct from petitioner's rental income $26.39 per month for depreciation when computing her food stamp allowance. As so modified, judgment affirmed, without costs or disbursements. Federal regulations governing the authorization of food stamps required, in 7 CFR former 273.11 [a] [4] [ii], that: "The Federal or State income tax form for the most recent tax year shall be used for calculating depreciation on an annual basis. No depreciation shall be allowed on a capital asset unless it is documented by the appropriate State or Federal income tax form. Households

which did not file a tax return or did not claim depreciation may still receive consideration for depreciation by filing a regular or amended tax form for that year and presenting a copy of that amended return to the State agency." Petitioner here had not filed either a regular or amended income tax form for 1981, the year in question, and therefore was not entitled to a depreciation allowance according to the Federal standards then applicable, which the States are required to follow (see *Harrington v Blum,* 483 F Supp 1015, 1019, affd 639 F2d 768). It cannot be said that the State commissioner's determination dated November 27, 1981, which denied petitioner this depreciation allowance was either arbitrary, capricious or an abuse of discretion. Therefore, Special Term erred in disturbing that part of the determination. However, Special Term correctly held that *res judicata* prevented the State commissioner from ruling that the income from petitioner's monthly rental did not constitute "earned income" under the regulations. The State commissioner had, on July 30, 1981, following an earlier hearing on the same issue, determined that such rental income was, in fact, earned income and therefore subject to a 20% deduction. That hearing was reopened in October, 1981 only to render a determination on petitioner's other claims for deductions which had not been passed upon. The doctrine of *res judicata* may properly be applied to administrative hearings (see *Matter of Newsday, Inc. v Ross,* 80 AD2d 1, 5). Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.