In the Matter of CINDY CHAVIS, Petitioner, v CITY OF POUGHKEEPSIE OFFICE OF SOCIAL DEVELOPMENT et al., Respondents. [860 NYS2d 200]—

Proceeding pursuant to CPLR article 78 to review a determination of the City of Poughkeepsie Office of Social Development dated June 5, 2006, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program (see 42 USC § 1437f [b] [1]).

Adjudged that the petition is granted, on the law, the determination is annulled, without costs or disbursements, and the matter is remitted to the respondents for a new fair hearing at which the petitioner is to be represented by an assigned attorney or the advocate or advocates (see 14 NYCRR 635-99.1 [b]) she sought to have assist her at the hearing held on May 31, 2006.

The petitioner's housing benefits pursuant to Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [hereinafter Section 8]) were terminated, after a fair hearing held at the offices of the City of Poughkeepsie Office of Social Development, on the ground that she intentionally failed to report that her ex-husband resided with her in the subject apartment. The petitioner was advised, in a letter from the United States Social Security Administration, that she was disabled due to her mental retardation. Despite that fact, during the course of the hearing, an advocate for the petitioner, Priscilla Taylor (see 14 NYCRR 635-99.1 [b]), was first excluded from participating in the proceeding in that capacity due to her status as a potential witness on the dynamics of domestic violence, but nonetheless did not testify due to what appears to be a mixup in notifying her when her testimony would be required. Ultimately, it appears that her testimony may not have been necessary, as the hearing officer determined, in any event, that he would consider the issue of domestic violence, based on evidence from other sources, in making his determination.

The hearing officer abused his discretion in his rulings concerning the petitioner's advocate Priscilla Taylor, among which was her exclusion from the proceeding in her capacity as the petitioner's advocate. Therefore, under the unique circumstances of this case, we annul the determination confirming the termination of the petitioner's participation in the Section 8 Housing Choice Voucher Program and remit the matter to the respondents for a new fair hearing at which the petitioner can be properly represented either by an assigned attorney or the advocate or advocates she sought to have represent her at the original hearing on this matter (cf. John P. v Axelrod, 105 AD2d 1061 [1984]; Matter of Galluzzo v Blum, 97 AD2d 823 [1983]).

In light of our determination, we need not reach the petitioner's remaining contention. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.